Osorto-Romero v. Sessions

BIA
Straus, IJ
A206 429 811/812/813

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand eighteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

NIMIA SUYAPA OSORTO-ROMERO,
MARIELENA GONZALEZ-OSORTO,
STEFANY SUYAPA GONZALEZ-OSORTO,
        *Petitioners,*

        v.                                      16-2870
                                                NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Danielle Robinson Briand, Center
                        for Immigrant Justice,
                        Minneapolis, MN.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nimia Suyapa Osorto-Romero, and her minor children and derivative applicants Marielena Gonzalez-Osorto and Stefany Suyapa Gonzalez-Osorto (collectively, "Osorto"), natives and citizens of Honduras, seek review of a July 29, 2016, decision of the BIA affirming a July 2, 2015, decision of an Immigration Judge ("IJ") denying Osorto's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nimia Suyapa Osorto-Romero, Marielena Gonzalez-Osorto, Stefany Suyapa Gonzalez-Osorto,* Nos. A 206 429 811/812/813 (B.I.A. July 29, 2016), *aff'g* Nos. A 206 429 811/812/813 (Immig. Ct. Hartford July 9, 2015).[1] We assume

---

[1] Osorto has not challenged the denial of CAT relief in this Court. Accordingly, we do not address that issue. *See Yueging Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

2

the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. §§1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (extending the "one central reason" standard to withholding of removal). Osorto seeks relief based on past persecution and a fear of future persecution as a member of a particular social group defined as, "Honduran women who are viewed as gang property by virtue of their gender." To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see*

3

*also Paloka v. Holder*, 762 F.3d 191, 195-97 (2d Cir. 2014) (deferring to that interpretation of the statutory language). An "immutable characteristic" is one that "members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Paloka*, 762 F.3d at 195 (quoting *In re Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. 1985)). To be "defined with particularity," the group must be "'discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective.'" *Id.* at 196 (quoting *M-E-V-G-*, 26 I. & N. Dec. at 239). And "[t]o be socially distinct, a group . . . must be perceived as a group by society." *M-E-V-G-*, 26 I. & N. Dec. at 240. "Courts review *de novo* the legal determination of whether a group constitutes a 'particular social group' under the INA." *Paloka*, 762 F.3d at 195.

Osorto's proposed social group, "Honduran women who are viewed as gang property by virtue of their gender," does not meet the social distinction or particularity requirements. Osorto argues that gangs "project ownership or domination over women living in their territory" and "view women to be their property," in part as a result of

4

the country's machismo culture in which women are generally viewed as subordinate to men. However, "[a]lthough a persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough to establish a cognizable social group." *Paloka*, 762 F.3d at 196. While the record shows high rates of violence against women, it does not show that women "viewed as gang property" make up a distinct subset of Honduras's population. Osorto cites characteristics common among women who are most vulnerable to violence—that they are young, poor, and live in urban areas—but this is undermined by the fact that she did not possess these characteristics. Moreover, the record reflected high rates of gang violence against the general population, and did not establish that women are at a greater risk of being targeted by gangs. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (noting

that "general crime conditions" do not constitute persecution on account of a protected ground).[2]

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] We do not address the agency's alternative determination that Osorto was not harmed on account of her membership in her proposed group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").